IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**FULL HOUSE RESORTS, INC., ET AL.**                                                **PLAINTIFFS**

**v.**                                            **CIVIL ACTION NO. 1:14-cv-223-KS-MTP**

**BOGGS & POOLE CONTRACTING GROUP, INC., ET AL.**              **DEFENDANTS**

## ORDER

THIS MATTER is before the Court on the Motion to Compel [114] filed by Defendant Boggs & Poole Contracting Group, Inc. ("Boggs") and the Motion to Compel [137] filed by Defendant Ronald Lustig.[1] Having considered the Motions [114] [137], the Court finds that they should be denied.

The Motions to Compel arise from disputes regarding written discovery requests and Plaintiffs' 30(b)(6) deposition. Regarding the written discovery requests, on March 26, 2015, Defendant Boggs served its first set of requests for production of documents and first set of interrogatories. *See* Notices [58] [59]. On April 3, 2015, Defendant Lustig served his first set of requests for production of documents and first set of interrogatories. *See* Notices [64] [65]. On May 6, 2015, Plaintiffs responded to Defendant Lustig's discovery requests. *See* Notices [78] [79] [80]. On May 28, 2015, Defendant Boggs sent Plaintiffs a letter requesting responses to its discovery requests. *See* Letter [114-2]. Later that day, Plaintiffs responded to Defendant Boggs's discovery requests. *See* Notices [89] [90].

---

[1] Defendant Lustig originally filed a Joinder in Defendant Boggs's Motion to Compel [121] on June 25, 2015. Although Defendant Lustig adopted the arguments in Defendant Boggs's Motion, he also submitted additional arguments and requested separate relief. Thus, on July 21, 2015, at the direction of the Clerk of Court, Defendant Lustig filed his pleading as a Motion to Compel.

Disputes arose regarding several of Defendant Boggs's requests for production of documents and interrogatories and Plaintiffs' responses thereto. On June 1, 2015, Defendant Boggs sent Plaintiffs a good faith letter stating that Plaintiffs' discovery responses were insufficient. *See* Letter [114-3]. On June 12, 2015, Plaintiffs responded to Defendant Boggs's letter, but the parties were unable to resolve all of their disputes. *See* Letter [114-4]. On June 15, 2015, Defendant Boggs sent Plaintiffs a second good faith letter. *See* Letter [114-5]. During a telephone conference on June 16, 2015, the parties discussed their discovery disputes. Later that day, Defendant Boggs sent Plaintiffs a third good faith letter. *See* Letter [114-6].

Disputes also arose between Defendant Lustig and Plaintiffs regarding certain discovery requests and responses. On June 17, 2015, Defendant Lustig sent Plaintiffs a good faith letter stating that Plaintiffs' discovery responses were insufficient. *See* Letter [121-3]. On June 23, 2015, Plaintiffs responded to Defendant Lustig's letter, but the parties were unable to resolve all of their disputes. *See* E-mails [137-4].

Turning to Plaintiffs' 30(b)(6) deposition, on May 12, 2015, Defendant Boggs noticed Plaintiffs' 30(b)(6) deposition, and on May 27, 2015, Defendant Boggs deposed Plaintiffs' 30(b)(6) deponent, John Ferruci. *See* Notice [87]. On June 15, 2015, Defendant Boggs sent Plaintiffs a letter stating that Ferruci was not adequately prepared to address many of the topics set forth in the 30(b)(6) notice. *See* Letter [114-5]. Defendant Boggs requested that the parties resume the deposition. *Id*.

On June 23, 2015, Defendant Boggs filed its Motion to Compel [114]. On June 25, 2015, Defendant Listig filed his Joinder [121] in Boggs' Motion, which would later be filed as a Motion to Compel. [137]. Defendants seek an order from the Court compelling Plaintiffs to

respond to all interrogatories, produce all documents, and designate an appropriate and competent 30(b)(6) representative for deposition.  Defendants also seek an award of reasonable expenses, including attorney's fees.

Regarding the 30(b)(6) deposition, Plaintiffs argue that this issue is resolved.  Plaintiffs admit that "Ferrucci . . . failed to adequately testify to some of the areas of inquiry in the notice of 30(b)(6) deposition." *See* Response [127] at 11.  Plaintiffs assert that "[s]ome of Mr. Ferrucci's testimony that he was not prepared to testify was unexpected." *Id*.  Plaintiffs also state that "[i]n response to the issues raised in Boggs' letter dated June 15, 2015, Full House's counsel immediately agreed to discuss a continued deposition with its client, stated to Mike Boggs at the deposition dated June 19, 2015 and on the phone with [counsel for Boggs] on the same date that it would be agreeable to an additional deposition, and committed in writing to the scheduling of the deposition on June 29, 2015 with potential dates." *Id*. a 11-12.  The Court finds that Defendants' request for an order compelling Plaintiffs to designate a 30(b)(6) representative for deposition should be denied as moot.  Plaintiffs admit that Ferrucci's testimony was inadequate and have agreed to another deposition.  In the event they have not already done so, the parties should schedule and complete this deposition imediately.  As for Defendants' request for an award of expenses, the Court finds that such is inappropriate at this time.

Regarding the written discovery, Plaintiffs argue that the Motions to Compel are untimely.  On May 23, 2014, this action was removed to this Court.  Pursuant to the Case Management Order [38] entered on August 20, 2014, the discovery deadline was June 1, 2015.  On March 3, 2015, the Court granted the parties' joint Motion to Amend the Case Management Order [50] and extended the discovery deadline to July 1, 2015. *See* Order [52].  The Court also

3

cautioned the parties that "they have received the maximum possible extensions for this trial calendar and are urged to plan accordingly." *Id*. On June 8, 2015, Plaintiffs filed a Motion [102] seeking to extend the discovery deadline by sixty days. Defendants objected to an extension of the discovery deadline. *See* Responses [107] [108]. The Court denied Plaintiffs' Motion [102]. *See* Order [118].

Thus, Defendant Boggs filed its Motion to Compel [114] eight days prior to the discovery deadline, and Defendant Lustig filed his Motion to Compel [121] [137] six days prior to the discovery deadline. Local Rule 7(b)(2)(B) dictates that "[a] party must file a discovery motion sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court and time to effectuate the court's order before the discovery deadline." Defendant Lustig first received Plaintiffs' discovery responses on May 6, 2015, but waited more than a month to send Plaintiff a good faith letter and waited fifty days to file his Motion to Compel. After waiting more than two months after serving its discovery requests, Defendant Boggs first received Plaintiffs' discovery responses on May 28, 2015. Thereafter, Defendant Boggs waited an additional twenty-six days to file its Motion to Compel.

Defendants had a duty to timely follow-up on discovery requests and timely move to compel when necessary, especially considering the fact that Defendants served their discovery requests late in the discovery period. Defendant Boggs argues that it "tried to patiently work with Plaintiffs to get Plaintiffs to respond . . . including sending *three* good faith letters. In light of Boggs' repeated attempts to work through the discovery deficiencies, as the Rules require, Plaintiffs should not be allowed to hide behind the Local Rules to evade production." *See* Rebuttal [136] at 10-11. This Court, however, has previously explained,

4

> Obviously, problems arise and the Court should be reasonable in working with the attorneys where necessary. However, if the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel. If he fails to do so, he acts at his own peril. He must not expect the Court to extend discovery and/or the trial date because of the failure of the other party to respond, even if that is in bad faith.

*Wells v. Sears Roebuck and Co.*, 203 F.R.D. 240, 241 (S.D. Miss. 2001).

Defendants' Motions to Compel were not filed sufficiently in advance of the discovery deadline as required by Local Rule 7(b)(2)(B), despite the fact that the parties were granted a discovery period of more than ten months. Additionally, Defendants did not seek expedited consideration of their Motions to Compel. The discovery deadline has passed, and Defendants have not established good cause for the Court to address the disputed discovery requests or responses at this late date. *See Grey v. Dallas Independent School Dist.*, 265 Fed. App'x. 342, 348 (5th Cir. 2008) (finding no abuse of discretion where district court denied a motion to compel discovery when "it was filed on the day of the discovery deadline after an extensive discovery period"); *Turnage v. General Elec. Co.*, 953 F.2d 206, 209 (5th Cir. 1992) (affirming district court's denial of plaintiff's request to inspect circuit breaker based on (i) the imminence of trial, (ii) the impending discovery deadline, and (iii) [plaintiff's] failure to request an inspection earlier").

IT IS, THEREFORE, ORDER that Defendant Boggs's Motion to Compel [114] is DENIED and Defendant Lustig's Motion to Compel [137] is DENIED.

SO ORDERED this the 22nd day of July, 2015.

                                           s/ Michael T. Parker
                                           United States Magistrate Judge