IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

FULL HOUSE RESORTS, INC. and
SILVER SLIPPER CASINO VENTURE, LLC                          PLAINTIFFS

v.                                      CIVIL ACTION NO. 1:14-CV-223-KS-MTP

BOGGS & POOLE CONTRACTING GROUP, INC.
and RONALD LUSTIG                                           DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on the Second Motion for Summary Judgment of Boggs

& Poole Contracting Group, Inc. ("Boggs' Motion for Summary Judgment") [128] and

Defendant, Ronald Lustig's, Motion for Summary Judgment ("Lustig's Motion for Summary

Judgment") [130].  After considering the submissions of the parties, the record, and the

applicable law, the Court finds both motions to be well taken and should be granted.

<u>I.  BACKGROUND</u>

This action centers on certain alleged defects in the construction of the parking garage at

the Silver Slipper Casino in Bay St. Louis, Mississippi.  Full House Resorts, Inc. ("Full House")

and Silver Slipper Casino Venture, LLC ("Silver Slipper") own and operate the Silver Slipper

Casino (the "Casino").  In November of 2004, Silver Slipper contracted with Defendant Ronald

Lustig for Lustig's provision of certain architectural services pertaining to the design and

construction of the Casino and the attendant parking garage (the "Garage").  (*See* Lustig

Contract [14-1].)  In May of 2006, Silver Slipper contracted with Boggs for the construction of

the Casino and Garage.  (*See* Boggs Contract [7-1].)  The construction of the Garage was

complete and possession turned over to Silver Slipper as of February 7, 2007.  (*See* Response in

Opposition [142] at p. 20.)  Concrete pours, though, were not finished until April 2007, when

pours were complete and certifications and pay applications were submitted by Boggs.  (*See id.*; *see also* Pay Application [143-21].)  Full House became an owner of the Casino/Garage in September of 2012, when it purchased 100% of the equity interests or securities of Silver Slipper.

Disputes between Silver Slipper and Boggs arose during the construction process regarding payments, expenses associated with delays, and the quality of the work performed to build the Garage.  The parties submitted to these disputes to arbitration in late January 2008, where the arbitration panel found for Boggs.

On April 9, 2014, Full House and Silver Slipper (collectively referred to as "Plaintiffs") initiated this action against Boggs and Lustig in the Circuit Court of Hancock County, Mississippi.  (*See* Complaint [1-2].)  In October of 2013, Plaintiffs retained Reigstad and Associates, Inc. ("Reigstad"), an engineering firm, after noticing deficiencies in the Garage, such as water leakage and panel movement.  Reigstad inspected the premises and prepared a corrective plan to alleviate the movement and deterioration.  During the implementation of the plan, Reigstad noticed that lateral reinforced steel ("rebar") was missing in the pour-strip locations at each level of the Garage.  The "reinforced steel was necessary for the Garage to have proper structural support and meet applicable building codes."  (Complaint [1-2] at ¶ 13.)  The Complaint asserts ten claims against Boggs and Lustig in connection with the missing rebar:  (i) breach of contract against Boggs; (ii) intentional misrepresentation against Boggs; (iii) negligence and gross negligence against Boggs; (iv) breach of express warranty against Boggs; (v) breach of implied warranty against Boggs; (vi) breach of contract against Lustig; (vii) negligence and gross negligence against Lustig; (viii) intentional or negligent misrepresentation against Lustig; (ix) indemnity as to both Defendants; and (x) equity as to both Defendants.

Though the statute of limitations and statute of repose have run for all these claims, Plaintiffs contend that these statutes were tolled because of Boggs and Lustig's fraudulent concealment of the claims.

On May 23, 2014, Boggs removed the proceeding to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  (*See* Notice of Removal [1].)  Shortly thereafter, Boggs filed its first Motion for Summary Judgment [7], urging dismissal based on the doctrines of res judicata and collateral estoppel, and arguing that the Plaintiffs' claims are time-barred.  Lustig joined in Boggs' summary judgment motion.  (*See* Joinder [14].)  In their first motion, Boggs and Lustig pointed to the lack of evidence of concealment as their basis for the argument that the claims were time-barred.  The Court, though, granted Plaintiffs relief under Federal Rule of Civil Procedure 56(d), allowing them time to complete discovery on the concealment claim.  (*See* Order [60] at pp. 29-30.)  Now that discovery has been completed, Boggs and Lustig have renewed their arguments in the current motions.

## II. DISCUSSION

### A.    Standard of Review

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "Where the burden of production at trial ultimately rests on the nonmovant, 'the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case.'"  *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (quoting *Shields v. Twiss*, 389 F.3d 142, 149 (5th Cir. 2004)).  However, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish

beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). If the movant meets his burden, the nonmovant must go beyond the pleadings and point out specific facts showing the existence of a genuine issue for trial. *Cannata v. Catholic Diocese of Austin*, 700 F.3d 169, 172 (5th Cir. 2012) (citation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)). When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citing *Sec. & Exch. Comm'n v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

## B.    Boggs' Motion for Summary Judgment [128]

Parties agree that the claims against Boggs are governed by the general three-year statute of limitations under § 15-1-49(1) of the Mississippi Code and by the statute of repose for construction claims under § 15-1-41. The Mississippi statute of repose holds that "[n]o action may be brought to recover damages for injury to property . . . arising out of any deficiency in the

4

design, planning, supervision or observation of construction, or construction of an improvement

to real property . . . more than six (6) years after written acceptance or actual occupancy or

use . . . ."  Miss. Code. Ann. § 15-1-41.  Parties also agree that the Garage was complete and

turned over to Plaintiffs on February 7, 2007, and that both the statute of limitations and the

statute of repose would have expired on or before February 7, 2013, absent any tolling.

Plaintiffs, however, contend that the Boggs fraudulently concealed the missing rebar, which

would toll both the statute of limitations and the statute of repose under § 15-1-67 of the

Mississippi Code.  Section 15-1-67 states:

> If a person liable to any personal action shall fraudulently conceal the cause of
> action from the knowledge of the person entitled thereto, the cause of action shall
> be deemed to have first accrued at, and not before, the time at which such fraud
> shall be, or with reasonable diligence might have been, first known or discovered.

Plaintiffs argue that because they did not discover the missing rebar until October 17, 2013, their

suit is well within the applicable limitation periods.

Mississippi employs a two-prong test to determine whether there has been fraudulent

concealment sufficient to toll a statute of limitation:  "(1) some affirmative act or conduct was

done [by the defendant] and prevented discovery of a claim, and (2) due diligence was

performed on [the plaintiff's] part to discover it."  *Stephens v. Equitable Life Assurance Soc'y of

the U.S.*, 850 So.2d 78, 84 (Miss. 2003).

The Fifth Circuit has held that Mississippi law unambiguously requires the affirmative

act of fraudulent concealment to occur *after* the concealed claim has accrued.  *See Ross v.

Citifinancial, Inc.*, 344 F.3d 458, 464 (5th Cir. 2003) (". . . Mississippi law is unambiguous.

Pursuant to § 15-1-67, Plaintiffs were required to prove an affirmative act of fraudulent

concealment post-completion of the insurance sales in order to toll the statute of limitations.").

5

Any action taken by Boggs which was part of the transaction that gave rise to the claim, from the beginning of construction until the certifications and pay applications were submitted, can not be the basis for establishing fraudulent concealment.  *See Liddell v. First Family Fin. Servs. Inc.*, 146 Fed.Appx. 748, 750-51 (5th Cir. 2005) (holding that, under Mississippi law, the "self-concealing" nature of fraud did not excuse plaintiffs from the obligation of showing a separate act of fraudulent concealment *after* the fraud had been completed).  The affirmative act of fraudulent concealment must be separate and apart from the claim itself in order to toll the statute of limitations and statute of repose.  *See id.*  The only act Plaintiffs assert Boggs committed after the claim had accrued is the changing nature of his testimony in the current litigation.  Nothing Boggs said during the litigation of the claims, though, could be considered to be fraudulent concealment of the claims because they are necessarily already known.

In ruling on Boggs' first Motion for Summary Judgment [7], the Court declined to address the parties' arguments regarding fraudulent concealment pending additional discovery pursuant to Federal Rule of Civil Procedure 56(d).  Discovery is now complete in this case, and Plaintiffs have yet to adduce any evidence that Boggs committed any affirmative act with the intent to conceal the legal claims Plaintiffs had against him.  As such, Plaintiffs cannot meet their burden of proving fraudulent concealment, and the applicable statutes of limitations and repose are not tolled for their claims.

Plaintiffs' claims are therefore time-barred and cannot be allowed to proceed.  The Court need not address whether Plaintiffs were diligent in discovered the claims nor whether the claims were barred by res judicata or collateral estoppel.  Because Plaintiffs have brought forth no evidence that Boggs fraudulently concealed the claims from them, Boggs' Motion for Summary Judgment [128] is granted.

C.      **Lustig's Motion for Summary Judgment [130]**

For similar reasons, Plaintiffs' arguments that Lustig fraudulently concealed the claims against him also fail.  Lustig's certifications, pay applications, and billings, which Plaintiffs point to as the basis for their concealment argument, were connected with his work on the Garage and are therefore part of the claims against him.  Plaintiffs have pointed to no affirmative act Lustig took after his allegedly tortious conduct was complete that concealed their claims against him and Boggs from them.  Plaintiffs' claim of fraudulent concealment against Lustig subsequently fails, and the applicable statute of limitations and statute of repose are not tolled.

Plaintiffs contend that Lustig is equitably estopped from asserting a statute of limitations or repose defense because his actions amounted to fraud.  "[E]quitable estoppel exists where there is a (1) belief and reliance on some representation; (2) a change of position as a result thereof; and (3) detriment or prejudice caused by the change of position."  *B.C. Rogers Poultry, Inc. v. Wedgeworth*, 911 So.2d 483, 492 (Miss. 2005) (citations omitted).  Plaintiffs have not pointed to any evidence, though, to show that they relied on any representation of Lustig and changed their position based on such a representation.  Plaintiffs state in a conclusory fashion that they did rely on Lustig's representations and changed their positions when they paid for the work Lustig and Boggs performed under their contracts with them.  However, if equitable estoppel were available to Plaintiffs under this theory, it would be available to anyone who paid for performance under a contract without ensuring that performance was actually completed.  Equitable estoppel is "an extraordinary remedy" that is "applied cautiously and only when equity clearly requires it to prevent unconscionable results," and should therefore not be applied in such a situation absent extraordinary circumstances.  *Long Meadow Homeowners' Ass'n, Inc. v. Harland*, 89 So.3d 573, 577 (Miss. 2012) (citing *B.C. Rogers*, 911 So.2d at 491).

7

Furthermore, equitable estoppel should not be applied when a party is in the position to protect themselves.  *See B.C. Poultry*, 911 So. 2d at 493 ("Equity comes to the aid of those who may not or can not protect themselves.").  Plaintiffs had ample opportunity to inspect Boggs' work on the Garage themselves without having to rely on Lustig's inspections, especially since it is disputed that Lustig even had a duty to inspect Boggs' work.  Plaintiffs admit that they gained possession of the Garage in February 2007 and that Boggs' work on the concrete pours was not complete until April 2007.  No evidence exists showing that Boggs or Lustig made any effort to prevent Plaintiffs from inspecting the work being done on their property themselves.

Because Plaintiffs cannot show any representation made by Lustig on which they relied and because they had opportunity to inspect the work on the Garage themselves, they will not be able to assert equitable estoppel to prevent the statute of limitations and the statute of repose from time-barring their suit against Lustig.

Therefore, because Plaintiffs' claims against him are time-barred by the statute of limitations and the statute of repose, Lustig's Motion for Summary Judgment [130] is granted.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Boggs' Motion for Summary Judgment [128] is granted.

IT IS FURTHER ORDERED AND ADJUDGED that Lustig's Motion for Summary Judgment [130] is granted.

SO ORDERED AND ADJUDGED this the 5th day of October, 2015.


*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE