**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**FULL HOUSE RESORTS, INC. and
SILVER SLIPPER CASINO VENTURE, LLC**                                            **PLAINTIFFS**

**v.**                                                                       **CIVIL ACTION NO. 1:14-CV-223-KS-MTP**

**BOGGS & POOLE CONTRACTING GROUP, INC.
and RONALD LUSTIG**                                                                 **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Boggs & Poole Contracting Group, Inc.'s ("Boggs") Motion for Sanctions [156] and Motion to Strike Affidavit of John M. Lassiter, Esq., in Plaintiffs' Response in Opposition ("Motion to Strike") [167]. After considering the submissions of the parties, the record, and the applicable law, the Court finds that Boggs' Motion for Sanction [156] should be denied and that its Motion to Strike [167] should be denied as moot.

**I.  BACKGROUND**

This action centers on certain alleged defects in the construction of the parking garage at the Silver Slipper Casino in Bay St. Louis, Mississippi.  Full House Resorts, Inc. ("Full House") and Silver Slipper Casino Venture, LLC ("Silver Slipper") own and operate the Silver Slipper Casino (the "Casino").  In November of 2004, Silver Slipper contracted with Defendant Ronald Lustig for Lustig's provision of certain architectural services pertaining to the design and construction of the Casino and the attendant parking garage (the "Garage").  (*See* Lustig Contract [14-1].)  In May of 2006, Silver Slipper contracted with Boggs for the construction of the Casino and Garage.  (*See* Boggs Contract [7-1].)  The construction of the Garage was complete and possession turned over to Silver Slipper as of February 7, 2007.  (*See* Response in Opposition [142] at p. 20.)  Concrete pours, though, were not finished until April 2007, when pours were complete and certifications and

pay applications were submitted by Boggs. (*See id.*.) Full House became an owner of the Casino/Garage in September of 2012, when it purchased 100% of the equity interests or securities of Silver Slipper.

Disputes between Silver Slipper and Boggs arose during the construction process regarding payments, expenses associated with delays, and the quality of the work performed to build the Garage. The parties submitted to these disputes to arbitration in late January 2008, where the arbitration panel found for Boggs.

In October 2013, Plaintiffs retained Reigstad and Associates, Inc. ("Reigstad"), an engineering firm, after noticing deficiencies in the Garage, such as water leakage and panel movement. Reigstad inspected the premises and prepared a corrective plan to alleviate the movement and deterioration. During the implementation of the plan, Reigstad noticed that lateral reinforced steel ("rebar") was missing in the pour-strip locations at each level of the Garage. The "reinforced steel was necessary for the Garage to have proper structural support and meet applicable building codes." (Complaint [1-2] at ¶ 13.)

Counsel for Full House and Silver Slipper (collectively referred to as "Plaintiffs") sent a letter to Boggs' counsel on February 14, 2014, in order to give Boggs notice of Plaintiffs' claims. (Plaintiffs' Letter [156-1]). Boggs' counsel responded on February 24, 2014, explaining, even if they were not barred by res judicata, the claims were time-barred as the applicable statute of limitation and statute of repose had passed. Despite these defenses, on April 9, 2014, Plaintiffs initiated this action against Boggs and Lustig in the Circuit Court of Hancock County, Mississippi. (*See* Complaint [1-2].) Plaintiffs' counsel provided a courtesy copy of the Complaint [1-2] to Boggs' counsel on May 2, 2014.

The Complaint asserted various claims against Boggs and Lustig in connection with the missing rebar, claiming that the statute of limitations and statute of repose had been tolled because of Boggs and Lustig's fraudulent concealment of the claims.  The act of concealment alleged in the Complaint [1-2] was the pouring of the concrete over the rebar.

On May 13, 2014, Boggs' counsel served Plaintiffs' counsel with a letter detailing why Boggs was not liable, specifically explaining that the claims were barred both by the applicable statutes of limitation and repose and by res judicata.  Boggs' counsel gave Plaintiffs' counsel ten days to withdraw the lawsuit.  It did not, however, address Plaintiffs' allegation of fraudulent concealment.

On May 23, 2014, Boggs removed the proceeding to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  (*See* Notice of Removal [1].)  Shortly thereafter, Boggs filed its first Motion for Summary Judgment [7], urging dismissal based on the doctrines of res judicata and collateral estoppel, and arguing that the Plaintiffs' claims are time-barred.  Lustig joined in Boggs' summary judgment motion.  (*See* Joinder [14].)  In their first motion, Boggs and Lustig pointed to the lack of evidence of concealment as their basis for the argument that the claims were time-barred.  The Court, though, granted Plaintiffs relief under Federal Rule of Civil Procedure 56(d), allowing them time to complete discovery on the concealment claim.  (*See* Order [60] at pp. 29-30.)  Once discovery was complete and no evidence of fraudulent concealment was adduced, the Court granted Boggs' Second Motion for Summary Judgment [128] and Lustig's Motion for Summary Judgment [130].  The Court found that Plaintiffs could not produce any evidence to support their allegation of fraudulent concealment.  (*See* Order [151] at p. 6.)

## II. DISCUSSION

The Fifth Circuit has held that

3

> Rule 11 places three duties on counsel: (1) counsel must make a reasonable inquiry into the factual basis of any pleading, motion, or other paper; (2) counsel must make a reasonable inquiry into the law; and (3) counsel must not sign a pleading, motion or other paper intended to delay proceedings, harass another party, or increase the costs of litigation.

*St Amant v. Bernard*, 859 F.2d 379, 382 (5th Cir. 1988) (citing *Thomas v. Capital Sec. Servs. Inc.*, 836 F.2d 866, 874 (5th Cir. 1988) (en banc)).  Boggs contends that Plaintiffs' counsel was derelict in his duty to undertake a reasonable inquiry into the law before filing the current action.  The Court disagrees.

If a reasonable inquiry into Mississippi law were conducted, Plaintiffs' counsel would have no doubt discovered that, for tolling of a statute of limitation or repose, the Fifth Circuit has held that Mississippi law unambiguously requires the affirmative act of fraudulent concealment to occur *after* the concealed claim has accrued.  *See Ross v. Citifinancial, Inc.*, 344 F.3d 458, 464 (5th Cir. 2003) (". . . Mississippi law is unambiguous.  Pursuant to § 15-1-67, Plaintiffs were required to prove an affirmative act of fraudulent concealment post-completion of the insurance sales in order to toll the statute of limitations.")  Plaintiffs' attorney conducted such a reasonable inquiry.  It appears from the pleadings and the first motion for summary judgment, though, that Plaintiffs' attorney argued in good faith that the pouring of the concrete was an act of fraudulent concealment that occurred after the rebar was left out.  However, once the Court ruled that this was not an act of fraudulent concealment because it was a necessary component of the construction process, (Order [60] at p. 26), Plaintiffs' attorney proceeded to discovery even though his first theory of fraudulent concealment was eliminated by the Court.  However, the Court itself noted in its opinion that Boggs' or Lustig's "payment applications, lien waivers, and shop drawing showing the existence of the steel may very well create a fact issue regarding Plaintiffs' allegations of concealment" and subsequently

allowed discovery to be conducted under Rule 56(d). (Order [60] at p. 30.) Plaintiffs' attorney therefore had the Court's approval to proceed to discovery.

Nothing in the record suggests that Plaintiffs' attorney filed any pleading, motion, or other paper with the Court that he knew or should have known was frivolous. In fact, it does not appear that any frivolous motion or pleading was ever filed in this action. Therefore, the Court will **deny** Boggs' Motion for Sanctions [156].

The Court will also **deny as moot** Boggs' Motion to Strike [167], as it considered only the record before it in deciding its Motion for Sanctions [156], and did not consider the affidavit of John M. Lassiter, Esq.

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Boggs' Motion for Sanctions [156] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that Boggs' Motion to Strike [167] **is denied as moot**.

SO ORDERED AND ADJUDGED this the 23rd day of December, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE